1   ALEXANDER B. CVITAN (SBN 81746)
    E-mail: alc@rac-law.com                          JS-6
2   MARSHA M. HAMASAKI (SBN 102720)
    E-mail: marshah@rac-law.com;
3   PETER A. HUTCHINSON (SBN 225399) and
    E-mail: peterh@rac-law.com
4   REICH, ADELL & CVITAN, A Professional Law Corporation
    3550 Wilshire Blvd., Suite 2000
5   Los Angeles, California 90010-2421
    Telephone: (213) 386-3860; Facsimile: (213) 386-5583
6   Attorneys for Plaintiff

7

8                  UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11  CONSTRUCTION LABORERS TRUST        CASE NO. CV15-03292 VAP (DTBx)
    FUNDS FOR SOUTHERN
12  CALIFORNIA ADMINISTRATIVE          [PROPOSED] JUDGMENT
    COMPANY, a Delaware limited liability   PURSUANT TO STIPULATION
13  company,                           AGAINST DEFENDANTS MARK
                                       THOMAS BATES AND PACIFIC
14                                     COAST MARKINGS, INC.
                    Plaintiff,
15
          v.
16

17  MARK THOMAS BATES, an individual
    doing business as PACIFIC COAST
18  MARKINGS; PACIFIC COAST
    MARKINGS, INC., a California
19  corporation,

20                  Defendants.
21

22

23

24        The parties to this action have filed a stipulation ("Stipulation") for entry of

25  judgment in favor of plaintiff ("CLTF" where not referenced by its full above-

26  captioned name) and jointly and severally against defendants Mark Thomas Bates

27  ("BATES" where not referenced by his full above-captioned name) and Pacific Coast

28  Markings, Inc. ("PACIFIC INC" where not referenced by its full above-captioned

                                      1

291453v2

name).  Pursuant to the Stipulation and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, CONSTRUCTION LABORERS TRUST FUNDS FOR SOUTHERN CALIFORNIA ADMINISTRATIVE COMPANY, a Delaware limited liability company**, an administrator of, agent for collection for, fiduciary to, and on behalf of the Laborers Health and Welfare Trust Fund for Southern California, Construction Laborers Pension Trust for Southern California, Construction Laborers Vacation Trust for Southern California, Pavement Stripers and Highway Maintenance Apprenticeship Fund, Fund for Construction Industry Advancement, Center for Contract Compliance, Laborers Contract Administration Trust Fund for Southern California, and Laborers' Trusts Administrative Trust Fund for Southern California (collectively "Trust Funds"), **jointly and severally against defendants MARK THOMAS BATES, an individual doing business as Pacific Coast Markings, and PACIFIC COAST MARKINGS, INC., a California corporation, for monetary damages in the amount of $27,918.65**, consisting of the principal amount of $22,277.65 (including $14,579.44  in unpaid fringe benefit contributions, $1,578.81 in interest, $8,917.56 in liquidated damages, and $35.00 in fees for checks submitted with insufficient funds, minus a credit of $2,833.16) plus attorneys' fees of $5,641.00.

2.      CLTF brought a prior lawsuit in this Court on behalf of the Trust Funds against, among others, BATES and PACIFIC INC. ("Prior Lawsuit").  The Prior Lawsuit is case number CV13-1631 VAP (DTBx).  CLTF, BATES and PACIFIC INC stipulated to a judgment in the Prior Lawsuit in favor of CLTF and against BATES and PACIFIC INC.  The monetary judgment issued hereby in paragraph 1 consists of amounts due in addition to amounts encompassed by the Prior Judgment and thus the

2

monetary damages awarded hereby are cumulative to those awarded in and by the Prior Judgment.  In addition, the monetary judgment issued hereby shall not, and does not, have *res judicata* effect, operate as a bar or effect any other limitation of any right of the Trust Funds (including CLTF on their behalf) to determine and collect any additional amounts due by BATES or PACIFIC INC., regardless of the time period of accrual of such additional delinquency.

3.      **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**:  Defendants MARK THOMAS BATES, an individual doing business as Pacific Coast Markings, and PACIFIC COAST MARKINGS, INC., a California corporation, and their managing agents and employees, and all those in active concert or participation with any one or more of them, are hereby ordered to submit to full audits of MARK THOMAS BATES, an individual doing business as Pacific Coast Markings, and PACIFIC COAST MARKINGS, INC., a California corporation, for the period March 2015 through the date of the audit, to fully cooperate with CLTF and the Trust Funds with respect to the audits in order for them to determine the total amount due to the Trust Funds and the hours of work performed by the Trust Funds' participants and any others entitled to credit toward fringe benefits from any one or more of the Trust Funds, and, specifically, to produce to CLTF and the Trust Funds the following payroll and business records – and any other records determined by CLTF or the Trust Funds to be necessary to conduct a full audit – for inspection, examination and copying:

3.A.   All of BATES' and PACIFIC INC's payroll and employee records, as well as any other records that might be relevant to a determination of the work performed by BATES and PACIFIC INC, their employees, their subcontractors, their lower-tier subcontractors and the employees of BATES' and PACIFIC INC's subcontractors and lower-tier subcontractors, including but not limited to payroll

291453v2

journals, employee earnings records, certified payroll records, payroll check books and stubs, cancelled payroll checks, payroll time cards and state and federal tax returns (and all other state and federal tax records), as well as labor distribution journals and any other records that might be relevant to an identification of the employees who performed work for BATES and PACIFIC INC, their subcontractors or lower-tier subcontractors, or which might be relevant to a determination of the projects on which BATES and PACIFIC INC, their employees, their subcontractors, lower-tier subcontractors or the employees of their subcontractors or lower-tier subcontractors performed work, including any records that provide the names, addresses, Social Security numbers, job classification or the number of hours worked by any one or more employee;

3.B.   All of BATES' and PACIFIC INC's job files for each contract, project or job on which BATES and PACIFIC INC, their employees, their subcontractors, their lower-tier subcontractors or the employees of their subcontractors or lower-tier subcontractors worked, including but not limited to all correspondence, agreements and contracts between BATES and PACIFIC INC and any general contractor, subcontractor, owner, builder or developer, as well as all field records, job records, notices, project logs, supervisors' diaries and notes, employees' diaries and notes, memoranda, releases and any other records that relate to the supervision of BATES' and PACIFIC INC's employees, their subcontractors, their lower-tier subcontractors or the employees of their subcontractors and lower-tier subcontractors, or the projects on which BATES and PACIFIC INC, their employees, their subcontractors, their lower-tier subcontractors or the employees of their subcontractors or lower-tier subcontractors performed work;

3.C.   All of BATES' and PACIFIC INC's records related to cash receipts, including but not limited to BATES' and PACIFIC INC's cash receipts

4

journals, accounts receivable journals, accounts receivable subsidiary ledgers and billing invoices for all contracts, projects and jobs on which BATES and PACIFIC INC, their employees, their subcontractors, their lower-tier subcontractors or the employees of their subcontractors or lower-tier subcontractors performed work;

    3.D.   All of BATES' and PACIFIC INC's bank statements, including but not limited to those for all checking, savings and investment accounts;

    3.E.   All of BATES' and PACIFIC INC's records related to disbursements, including but not limited to vendors' invoices, cash disbursement journals, accounts payable journals, check registers and all other records which indicate disbursements;

    3.F.   All collective bargaining agreements between BATES and PACIFIC INC and any trade union, and all records of contributions by BATES and PACIFIC INC to any trade union trust fund; and

    3.G.   All records related to the formation, licensing, renewal or operation of BATES and PACIFIC INC.

    4.   **FINAL AND PERMANENT INJUNCTIVE RELIEF IS HEREBY GRANTED AS FOLLOWS**:  Defendants MARK THOMAS BATES, an individual doing business as Pacific Coast Markings, and PACIFIC COAST MARKINGS, INC., a California corporation, and their managing agents and employees, and all those in active concert or participation with any one or more of them, are hereby ordered to deliver, or cause to be delivered, the following to the Trust Funds' offices no later than 4:30 p.m. on the 15th day of each month for the duration of the Agreements:

///

291453v2

4.A.   Truthfully and accurately completed monthly fringe benefit contribution reports for each of BATES' and PACIFIC INC's accounts with the Trust Funds in existence at the time of delivery, collectively identifying all persons for whom fringe benefit contributions are owed to the Trust Funds for the previous month and their Social Security numbers, and, itemized by person and project, the hours of work performed for which the fringe benefit contributions are due;

4.B.   For each report submitted, an affidavit or declaration from a managing officer or other managing agent of BATES or PACIFIC INC, as applicable to the specific report, attesting under penalty of perjury to the completeness, truthfulness and accuracy of each monthly fringe benefit contribution report submitted; and

4.C.   A cashier's check or checks made payable to the "Construction Laborers Trust Funds for Southern California" totaling the full amount of fringe benefit contributions due to the Trust Funds for the work performed set forth on the reports submitted.

5.   Nothing in this judgment supersedes, negates or otherwise affects the right of the Trust Funds (including CLTF on their behalf) to seek enforcement of any order issued in the Prior Lawsuit, including enforcement of the order issued in the

///

///

291453v2

1  Prior Lawsuit finding BATES and PACIFIC INC to be in contempt of Court and

2  ordering them to pay certain amounts to CLTF and the Court.

3

4  **THE FAILURE TO COMPLY WITH AN INJUNCTION ISSUED IN**

5  **AND BY THIS JUDGMENT SHALL BE GROUNDS FOR**

6  **CONTEMPT OF COURT.**

7

8

9  Dated:  _October 13,
   2015_____

10                           By:   HONORABLE JUDGE VIRGINIA A. PHILLIPS
                                   U.S. DISTRICT COURT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

## **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 3550 Wilshire Boulevard, Suite 2000 Los Angeles, California 90010-2421.

    On **October 14, 2015,** I served the foregoing document described as **STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANTS MARK THOMAS BATES AND PACIFIC COAST MARKINGS, INC.** on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Pacific Coast Markings, Inc.
3104 Sacramento Road
Phelan, CA 92371

Pacific Coast Markings, Inc.
P.O. Box 294906
Phelan, CA 92329

Mark Thomas Bates *dba* Pacific Coast
  Markings
3104 Sacramento Road
Phelan, CA 92371

Mark Thomas Bates *dba* Pacific Coast
  Markings
P.O. Box 294906
Phelan, CA 92329

Stephen Michael Tornay, Esq.
5 Hutton Centre Dr., Ste. 700
Santa Ana, CA 92707

☒    (By Mail) As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    Executed on **October 14, 2015**, at Los Angeles, California.

☒    (Federal Court) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Mary Helen Lopez

291453v2